UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

STEPHEN PAYNE,

        Plaintiff,

    v.                              Case No. 11-cv-456-JPG-PMF

CORE MINERALS OPERATING CO. INC.,

        Defendant.

## MEMORANDUM AND ORDER

This matter comes before the Court on the plaintiff's response to the Court's June 14, 2011, order to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction or for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The plaintiff has cured the noted defect: the inadequate pleading of the citizenship of corporate defendant Core Minerals Co. Inc. Accordingly, the Court **DISCHARGES** the order to show cause (Doc. 5).

In repleading, however, the plaintiff has changed the allegation of his citizenship to an allegation of his residence. A complaint asserting diversity jurisdiction must allege the *citizenship* of an individual defendant, not merely *residence*. 28 U.S.C. § 1332(a)(1); *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Allegations of "residence" are jurisdictionally insufficient. *Steigleder v. McQuesten*, 198 U.S. 141 (1905). Dismissal is appropriate where parties allege residence but not citizenship. *Held*, 137 F.3d at 1000.

The plaintiff must once again amend his complaint to satisfy Federal Rule of Civil Procedure 8(a)(1)'s requirement that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." The Court **ORDERS** that the plaintiff shall have up to and

including July 1, 2011, to file a second amended complaint curing this latest defect.  The

plaintiff need not seek leave of court to file this pleading, and should observe Local Rule 15.1

regarding underlining new material. If the plaintiff fails to amend his complaint, the Court may

dismiss this action for lack of subject matter jurisdiction and/or for lack of prosecution pursuant

to Rule 41(b) and the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*,

68 F.3d 1022, 1025 (7th Cir. 1995).

**IT IS SO ORDERED.**
**DATED:  June 23, 2011**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**